this opinion is delivered the contingency of the youngest grandchild arriving at the age of twenty-one years will have accrued, and William Dieke will then have a vested interest which may be made the subject of such a lien as is here sought by the petitioner. However, as that contingency is not directly before us, we do not wish to be understood as expressing any positive opinion thereon.

In view of our conclusion that the assignment to George Dieke should be held for naught, as far as the petitioner is concerned, and in view of what may now be the condition of the parties interested, the decree of the chancellor dismissing the petition for want of equity will be reversed and the cause remanded with directions to take such further steps and to enter such further orders herein as equity may demand, not inconsistent with the views expressed in this opinion.

*Reversed and remanded with directions.*

---

**Joseph Pecchia, Appellee, v. International Harvester Company, Appellant.**

**Gen. No. 17,779. (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. Homer Abbott, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed October 9, 1913.

### Statement of the Case.

Action by Joseph Pecchia against the International Harvester Company, a corporation, to recover damages for personal injuries resulting from plaintiff's hand being caught between a belt and revolving shaft while in the employ of defendant. From a judgment for plaintiff, defendant brings error.

DAVID A. OREBAUGH, for appellant; EDGAR A. BANCROFT, of counsel.

C. H. SIPPEL and ANSON H. BROWN, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 411*—*when servant assumes risk in obeying orders of foreman.* An employe ordered by his foreman to repair and replace a broken belt assumes the risk of injury, though the work was more dangerous than his regular employment where he knew, or from his experience or by the exercise of his senses should have known, of the dangers.

2. MASTER AND SERVANT, § 411*—*when command of foreman does not relieve from assumption of risk.* When the dangers in repairing a belt are apparent and understood by the servant; he assumes the risks, though a foreman orders him to "fix the belt or go home."

3. MASTER AND SERVANT, § 786*—*when instruction on assumption of risk is misleading.* Instruction that it is a question of fact to be determined by the jury whether plaintiff assumed the risk, is misleading when not touching on plaintiff's knowledge of the dangers and not conveying any idea as to what is meant by "assumption of risk."

4. MASTER AND SERVANT, § 797*—*proper instruction as to assumption of risk, when extra work is more hazardous than regular work.* Defendant *held* entitled to an instruction to the effect that where a servant is ordered temporarily to do other work more hazardous than his regular work, the servant assumes the risk, if the extra hazard and danger are open and obvious and may be observed by the exercise of ordinary care and prudence.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.